IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**MARC JACQUES** | Case No. 24-_mj-339-01-TSM_ |

**AFFIDAVIT IN SUPPORT OF**
**CRIMINAL COMPLAINT**

I, Derek Dunn, a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations, being duly sworn, do depose and state as follows:

## INTRODUCTION

1. I submit this affidavit in support of a criminal complaint charging Marc Jacques with possession of child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B). I am a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations, and have been so employed since April 2003. I am currently assigned to the Manchester, New Hampshire field office. As part of my regular duties as an agent, I investigate criminal violations relating to a broad range of immigration and customs related statutes, including those relating to child exploitation and child pornography. I have received training in the area of child pornography and child exploitation, and as part of my duties have observed and reviewed numerous examples of child pornography (as defined in 18 U.S.C. §2256) in various forms of media, including digital/computer media. I

have conducted investigations and executed search warrants involving child exploitation and child pornography offenses.

2. The facts set forth herein are based upon my own work on this investigation and discussion about the investigation with other law enforcement officers. In submitting this affidavit, I have not included every fact known to me about the investigation but only the facts that I believe are sufficient to establish probable cause for the crime set forth in the accompanying criminal complaint.

## STATUTORY AUTHORITY AND DEFINITIONS

3. This application is part of an investigation into Marc Jacques for the alleged knowing possession of child pornography. 18 U.S.C. § 2252A(a)(5)(B) prohibits a person from knowingly possessing any child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

4. "Child pornography" includes any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where (A) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct; (B) the visual depiction was a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct; or (C) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct. 18 U.S.C. § 2256(8).

5. “Sexually explicit conduct” means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person. See 18 U.S.C. § 2256(2).

6. “Minor” means any person under the age of eighteen years. See 18 U.S.C. § 2256(1).

**PROBABLE CAUSE**

7. On October 23, 2024, Supervisory U.S Probation Officer, Scott M. Davidson of the United States Probation and Pretrial Services (USPPS) in the District of New Hampshire, provided your affiant with the following information.

8. On March 18, 2024, Marc Jacques pled guilty to Distribution of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) & (b)(1) in case number 1:24-cr-00019-PB-TSM. On September 9, 2024, the Court sentenced Marc Jacques to a 60-month term of imprisonment, followed by 5 years of supervised release. The Court ordered Jacques to surrender to the Bureau of Prisons on or before December 2, 2024. The Court re-imposed the bail conditions set forth in the Order Setting Conditions of Release, docket number 7 in 1:24-cr-00019-PB-TSM.

9. As part of his bail conditions, the defendant was ordered:

   a. To refrain from the possession or use of a computer, electronic communication or data storage device or media, or any internet capable media device unless preapproved by the supervising officer and submit to the examination of any device owned or under the control of the defendant.

b. To have no access to the internet unless preapproved by the supervising officer.

c. To have computer monitoring software installed on any approved device which would be subject to periodic and unannounced examination by the supervising officer.

10. Per the defendant's then-probation officer, the defendant sought authorization to possess and use three devices: one personal laptop; one work laptop; and one cell phone. Probation approved this request and installed monitoring software on all three devices at the outset of his supervision.

11. IPPC software is the name of a software company contracted by the United States Probation Office to conduct computer monitoring of persons under supervision. The company employs staff and uses software to monitor certain activity that may be captured by a monitored computer (the "monitoring software"), and it populates an online database with content such as screenshots for U.S. Probation Officers to view. IPPC monitoring software was installed on the defendant's three approved electronic devices.

12. As laid out in more detail below, on August 10, 2024, at approximately 11:02 p.m., the IPPC monitoring software captured screenshots from the defendant's work laptop of the defendant accessing sexually explicit videos of suspected child pornography.[1] One image

---

[1] Although the software captured this activity on August 10, 2024, the Probation Officer did not review it and was not aware of it until on or about October 16, 2024. The United States Attorney's Office was notified of this activity on October 16, 2024.

depicted what appeared to be a pubescent female, with minimal breast tissue, wearing a mask, and being digitally penetrated by an unknown male. At approximately 11:07 p.m., another image viewed on the defendant's work laptop appeared to depict a prepubescent female with no visible breast development and no visible pubic hair being anally penetrated by an unknown male.

13. The IPPC screenshots showed that the defendant accessed the videos from a drive listed in the Windows explorer file directory as "STORE N GO," or "(D:)" drive. The file directory showed that the "STORE N GO" drive contained subfolders labeled "pics" and "vids." The defendant's probation officer was not aware of and had not authorized the defendant to possess or use any media storage devices such as hard drives or USB drives.

14. On September 16, 2024, IPPC software captured additional screenshots of sexually explicit videos of suspected child pornography being viewed on the defendant's work laptop.[2] At approximately 10:33 a.m., one image depicted a pubescent female nude from the waist up who appeared to have semen on her chest. Another screenshot from 10:35 a.m. depicted a nude, pubescent female seated with her legs spread and appearing to digitally penetrate her vagina. Both of these images have the same distinctive watermark across the bottom of the image file. Online searches for information about the watermark returned results

---

[2] Although the software captured this activity on September 16, 2024, the Probation Officer did not review it and was not aware of it until on or about October 16, 2024. The United States Attorney's Office was notified of this activity on October 16, 2024.

associated with numerous links to Telegram, which is an encrypted messaging platform commonly used for sharing child exploitation material.

15. On October 15, 2024, the United States Attorney's Office contacted the defendant's probation officer to discuss the defendant's conditions of release. On October 16, 2024, after reviewing the IPPC monitoring reports and observing the activity noted above, the probation officer met with the defendant at his residence.[3] During that meeting, the probation officer stated that he was aware that the defendant had possessed and used an unauthorized flash drive. The probation officer further explained that the monitoring company had identified sexually explicit videos and images that required further examination. The defendant admitted to the probation officer that he possessed an unauthorized flash drive and that he knew of the sexually explicit content on the flash drive. The defendant denied that the flash drive contained any illegal images. The defendant surrendered the flash drive to the probation officer.

16. The probation officer subsequently conducted a preliminary review of the flash drive. During the review, the probation officer reviewed a video file that appeared to match the screen shot documented by the IPPC software on September 16 at 10:35 a.m. The video depicted a nude, pubescent female who identifies herself by name and states that she is thirteen years old. She is seated on the floor with her legs spread and appears to manually stimulate her vagina. The female speaks to the camera and requests that she not be "exposed" or "outed" for presumably sending sexually explicit images. On October 17, 2024, probation filed a petition

---

[3] The probation officer's review of the IPPC monitoring reports from August and September was evidently prompted by this contact.

alleging that the defendant was in violation of his bail conditions and seeking a warrant for his arrest. The defendant was arrested on October 18, 2024, and ultimately stipulated to detention.

17. On October 23, 2024, a warrant was signed by the Honorable Andrea K. Johnstone (24-mj-277-01-AJ) authorizing federal authorities to seize and search the aforementioned flash drive. On October 24, 2024, a special agent with Homeland Security Investigations seized the flash drive and conducted a forensic examination of the device. A review of the contents of the flash drive has been completed.[4]

18. A review of the file structure of the flash drive revealed two primary folders on the drive labeled "pics" and "vids." Within these folders were additional subfolders, including several folders that were password protected and whose contents were inaccessible. Among the password-protected folders was a folder named "lawepasfd." Based on screenshots captured by the IPPC software on August 10, 2024, this is believed to be the folder on the flash drive where the files described in Paragraph 12, above, were stored.

19. Within the accessible folders on the flash drive, I observed several videos and images that appear to depict pubescent, minor females engaged in sexually explicit conduct.

---

[4] Federal agents subsequently obtained warrants to search for and seize other unauthorized electronic devices from the defendant's residence (24-mj-278-01-AJ, signed on October 24, 2024) as well as items removed from the residence by family members of the defendant after the defendant's arrest (24-mj-293-01-TSM, signed on November 12, 2024). Additional electronic devices were seized pursuant to these warrants and were forensically examined. While CSAM was observed on an old computer seized from the basement of the defendant's residence, the forensic examination revealed that the computer had not been used or accessed since at least 2019. Otherwise, none of the devices seized pursuant to these warrants revealed evidence of other criminal conduct.

Included among these were both of the videos described in Paragraph 14, above. I also observed a video depicting a nude, pubescent female who appears to be between 13-15 years of age standing in front of the camera. Standing behind her is a clothed, prepubescent male child who appears to be approximately 8-10 years old. The female takes the male child's hand and places it between her legs touching her vagina. The female places her hand on top of the male child's hand and proceeds to use the male child's hand to stimulate her vagina. The video is approximately ten seconds in length. All of these videos referenced in this paragraph contain a watermark suggesting that they were obtained through Telegram, which is an encrypted messaging platform often used to exchange child exploitation material.

## CONCLUSION

20. Based on the foregoing, there is probable cause to believe that Jacques has committed the offense of possession of child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

/s/ Derek Dunn
Special Agent Derek Dunn
Homeland Security Investigations

The affiant appeared before me by telephonic conference on this date pursuant to Fed. R. Crim. P. 4.1 and affirmed under oath the content of this affidavit and application.

Date: **Dec 30, 2024**
Time: **9:04 AM**

Honorable Talesha Saint-Marc
UNITED STATES MAGISTRATE JUDGE